UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**R & D FILM 1, LLC,**

    **Plaintiff,**

    v.

**DOES 1-84,**

    **Defendants.**

Civil Action 2:12-cv-1112
**Judge Michael H. Watson**
**Magistrate Judge Elizabeth P. Deavers**

## SHOW CAUSE ORDER

Plaintiff filed its Complaint in this action on December 4, 2012, alleging that Defendants, Does 1 through 84, acted collectively to engage in mass copyright infringement of Plaintiff's copyrighted motion picture in violation of the United States Copyright Act, 17 U.S.C. § 101 *et seq.* (ECF No. 1.)  On December 11, 2012, Plaintiff moved for leave to take discovery prior to the conference of the parties under Federal Rule of Civil Procedure 26(f) in order to determine Defendants' identities and contact information.   The Court granted Plaintiff's Motion pursuant to Federal Rule of Civil Procedure 26(d).

To date, however, Plaintiff has not moved to amend its Complaint to substitute the real names for its John Doe Defendants.  It therefore has yet to perfect service over these Defendants.  For the reasons that follow, the Court **ORDERS** Plaintiff to amend its Complaint **WITHIN THIRTY (30) DAYS OF THE DATE OF THIS ORDER** to substitute the real names for its John Doe Defendants and to perfect service on those named parties as required by Federal Rule of Civil Procedure 4(m).  Alternatively, Plaintiff may **SHOW CAUSE WITHIN THIRTY (30)**

**DAYS OF THE DATE OF THIS ORDER** why the Court should not dismiss this action without prejudice pursuant to Rule 4(m) and why the Court should allow an extension of time to effect service.

Federal Rule of Civil Procedure 10(a) requires a plaintiff to "name all the parties" in the Complaint. Fed. R. Civ. P. 10(a). Though the naming of pseudonymous defendants is permissible where the party requires discovery to identify the true identity of the defendants, the party must subsequently amend the complaint to reflect the discovered identities and effect service over those named parties within Rule 4(m)'s 120-day window. *See Petty v. Cty. of Franklin*, 478 F.3d 341, 345–46 (6th Cir. 2007) (affirming district court's dismissal of unnamed John Doe defendants pursuant to Rule 4(m) where the plaintiff failed to substitute the real names for his John Does and had failed to serve them within Rule 4(m)'s 120-day window); Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.")

In the instant case, more than 120 days have lapsed since Plaintiff's Complaint. Plaintiff has failed to amend its Complaint to substitute the real names for its John Doe Defendants and effect service on those named parties. Consequently, the Court **ORDERS** Plaintiff to amend its Complaint **WITHIN THIRTY (30) DAYS OF THE DATE OF THIS ORDER** to substitute the real names for its John Doe Defendants and to perfect service on those named parties as required by Rule 4(m). Alternatively, the Court **ORDERS** Plaintiff to **SHOW CAUSE WITHIN THIRTY (30) DAYS OF THE DATE OF THIS ORDER** why the Court should not dismiss this action pursuant to Rule 4(m) and why the Court should allow an extension of time to effect service. Plaintiff must support any good cause showing with sworn affidavits.

**IT IS SO ORDERED.**

Date:  July 12, 2013 /s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge